Daniel, J.
 

 This was an action of assumpsit on a promissory note, set out in the case. Plea,
 
 non
 
 assumpsit.— The defence against the recovery was, that it was
 
 anudiim
 
 pactum, and'without any consideration. It appears, that the slave was the property of the plaintiff’s husband, for a gift and delivery of him to' the wife, transferred the title in law to the husband. The plaintiff, while she was a
 
 feme
 
 covert, took the slave to Philpot, and directed him to convert the said slave into money by a sale, which he did. If the wife was the agent of her husband in this transaction, the purchase money was in law received by Philpot to the use
 
 *469
 
 of the husband. When the husband died, the agency of the wife was revoked (if she had been an agent,) and Phil-pot could not then on any pretence have paid the money to the widow. If we take the case on the other hand, that Philpot sold the slave without any authority from the husband, he would be a tovtfeasoi’, and the damages would still belong to the husband; or he, and so might his representative, elect to confirm the sale and take the purchase money. — ■ Therefore it seems to us, that, at the time the note was given, the plaintiff had sustained no loss, nor had the defendant’s intestate derived any benefit, as a consideration forgiving the note. .The case states that the plaiutifftold Philpot, when the slave was delivered to him to be sold, that he belonged to her, and she requested him to sell the slave for her benefit. It does not appear that the husband was present at the time, or that he ever assented to that declaration’. Gifts or presents from a hnsband to his wife, though made after marriage, will be supported in equity against himself and his representatives, and such gifts will be considered as
 
 the wife’s
 
 separate.
 
 property.
 
 Atherley 331.—
 
 Lucas
 
 v Lucas, 4 Atk. 270, and the cases there cited. — . If we could see that the slave was the separate property of the wife, even as against her husband only and not against his creditors, as if it were a voluntary gift from him, then the note would be founded on a consideration sufficient for the plaintiff to recover in this action — and to hold the money a-gaiust all persons except the creditorsof the husband. But we do not see that she had any interest in the slave, at the time of the sale or at any other time ; therefore the note was executed by Philpot without any consideration, and the plaintiff was not, in law, entitled to recover. It has, indeed, been argued here, that from the facts shewn there was some ground to infer, that the hnsband had consented that the wife should hold this negro and its proceeds to her separate use; and that it should have been left to the jury, as a matter of fact, whether he had or had not so consented. But to this we answer in the first place, that it does nor appear that any such allegation was made upon the trial, and
 
 s.econcUy,
 
 that
 
 *470
 

 'merely
 
 upon the facts disclosed in the ease an inference of such a fact would have been unwarranted by the evidence, it would have been n
 
 guess
 
 or
 
 conjecture,
 
 which will never .authorize a verdict. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.